IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Scott R. Lawrence, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) |
| | ) **COMPLAINT** |
| Horizon Oilfield Services, LLC, | ) **AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

COMES NOW the Plaintiff, Scott R. Lawrence ("Plaintiff" or "Lawrence"), and for his Complaint against the Defendant Horizon Oilfield Services ("Horizon"), states as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff Scott Lawrence is a resident of Wickenburg, Arizona.

2. Defendant Horizon Oilfield Services is a foreign limited liability company, organized in Delaware with its principal place of business in Worthington, Minnesota, which is registered to do business in North Dakota. Horizon operates wastewater treatment and disposal facilities in North Dakota.

3. This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq., as hereinafter more fully appears. The jurisdiction of this court is founded on 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because those claims arise from a common nucleus of operative facts with the federal claims, namely the failure to pay overtime to a non-exempt employee.

4.      Venue is proper in the District Court for the District of North Dakota, Western Division, because Horizon is registered to do business in North Dakota and at all times material hereto the Plaintiff was an employee of Horizon and was working at Defendant's treatment plant in Killdeer, North Dakota.

## II.    STATEMENT OF FACTS

5.      Between September 2018 and January 2019, Horizon employed the Plaintiff as a facility manager at its Horizon Treatment Plant – TRD in Killdeer, North Dakota. In that capacity, Plaintiff was responsible for permitting, compliance, customer relations and other duties. From March to June 2021, Plaintiff was a facility operator at the same location, with duties including off-loading trucks, maintaining centrifuges and radiation scanning.

6.      While employed by Horizon in the months between September 2018 and January 2019, and again between March 2021 and June 2021, Plaintiff was compensated at a daily rate of pay. In each and every week during his employment, Plaintiff worked in excess of 40 hours per week, but was not paid overtime for the hours he worked in excess of 40 hours per week.

7.      None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half the regular rate at which its employees are paid are applicable to Horizon or the Plaintiff herein.

8.      Horizon knew that Plaintiff was entitled to overtime pay under federal law or showed reckless disregard for whether Plaintiff was entitled to overtime pay. Indeed, for the week of June 21-27, 2021, Plaintiff did receive overtime compensation for 22 hours of overtime, even though the nature of his job was exactly the same as it had been in March, April and May of 2021.

9.      The same conduct outlined above also violates North Dakota state law and regulations as set forth at North Dakota Administrative Code § 46-02-07-02(4). Like its federal

counterpart, North Dakota law mandates that overtime compensation must be paid at one and one-half times the employee's regular rate.

10. Horizon's failure to pay Plaintiff the overtime compensation to which he was entitled constituted a willful violation of the provisions of the FLSA, including but not limited to 29 U.S.C. § 207, and Plaintiff is thus entitled to recover compensation for unpaid overtime dating back three years from the commencement of this action, pursuant to 29 U.S.C. § 255(a), plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

11. In September, October, November and December of 2018, Lawrence worked four 14-day shifts of 12 hours each day but was paid only $600 for each day or a total of $8,400. He worked a total of 168 hours or 88 hours of overtime in each 14-day shift, but was not compensated at time and a half for those overtime hours. He was entitled to be paid $75 for each hour of overtime but was only paid straight time of $50 per hour, and thus is owed $2,200 for each of those four shifts, or a total of $8,800.

12. From October 10, 2018, through October 16, 2018, Lawrence worked 7 days of 12 hours each day for a total of 84 hours. His total compensation was $4,800. His hourly rate for October 10-14 was $50 and his hourly rate for October 15-16 was $75. His average hourly rate for the seven-day period was $57.14. Lawrence was not compensated at time and a half, or $85.71 per hour, for his 44 overtime hours. He was entitled to be paid $6,056 for this 7-day period and is thus owed $1,257.

13. From October 17, 2018, through October 21, 2018, Lawrence worked 5 days of 12 hours each day for a total of 60 hours. His total compensation was $$4,500, or $75 per hour. Lawrence was not compensated at time and a half, or $112.50 per hour, for his 20 overtime hours. He was entitled to be paid $5,250 for this 5-day period and is thus owed $750.

14. From January 14, 2019, through January 25, 2019, Lawrence worked 12 days of 12 hours each day but was paid only $600 for each day for a total of $7,200. He worked a total of 144 hours or 64 hours of overtime, but was not compensated at time and a half for those overtime hours. He was entitled to be paid $75 for each hour of overtime but was only paid straight time of $50 per hour, and is thus owed $1,600 for those 64 hours of overtime.

15. Between March 1 and March 21, 2021, Lawrence worked a 14-day shift of 12 hours each day, but was paid only $425 each day for a total of $5,950. He worked a total of 168 hours or 88 hours of overtime in this 14-day shift, but was not compensated at time and a half for those overtime hours. He was entitled to be paid $53.11 for each hour of overtime but received only straight time of $35.41 per hour, and this is owed $1,557.60 for those 88 hours of overtime.

16. Between March 29 and April 18, 2021, Lawrence worked 14.5 days of 12 hours each day, but was paid only $425 each day for a total of $6,162.50. He worked a total of 174 hours or 94 hours of overtime in this 14-day shift, but was not compensated at time and a half for those overtime hours. He was entitled to be paid $53.11 for each hour of overtime but received only straight time of $35.41 per hour, and this is owed $1,663.80 for those 94 hours of overtime.

17. Between April 26 and May 16, 2021, Lawrence worked 15 days of 12 hours each day, but was paid only $425 each day for a total of $6,375. He worked a total of 180 hours or 100 hours of overtime in this 14-day shift, but was not compensated at time and a half for those overtime hours. He was entitled to be paid $53.11 for each hour of overtime but received only straight time of $35.41 per hour, and thus is owed $1,770 for those 100 hours of overtime.

18. Between May 24 and June 13, 2021, Lawrence worked 14 days of 12 hours each day, but was paid only $425 each day for a total of $5,950. He worked a total of 168 hours or 88 hours of overtime in this 14-day shift, but was not compensated at time and a half for those

overtime hours. He was entitled to be paid $53.11 for each hour of overtime but received only straight time of $35.41 per hour, and thus is owed $1,557,60 for those 88 hours of overtime.

### III.   ATTORNEY FEES

19. Plaintiff re-alleges and incorporate herein the allegations set forth in Paragraphs 1-18.

20. Plaintiff requests an award of his reasonable attorney's fees and costs incurred in pursuing this action under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(d).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For $18,956 in overtime compensation, plus an equal amount in liquidated damages, for a total of $37,912 or such amount as is proved at trial;

2. For an award of his reasonable attorney fees incurred in this action;

3. For an award of his costs and disbursements herein;

4. For an award of pre and post judgment interest on all unpaid overtime compensation at the maximum rate allowed by law;

5. For such other and further relief as the Court may deem just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the maximum number of jurors permitted by law.

Dated this 16th day of September, 2021.

                                                  /s/ Leo F.J. Wilking
Leo F.J. Wilking (ND ID #03629)
Wilking Law Firm, PLLC
P. O. Box 3085
Fargo, North Dakota 58108-3085
Phone: (701) 356-6823
Fax: (701) 478-7621
lwilking@wilkinglaw.com

**ATTORNEY FOR PLAINTIFF**